IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RBC BANK (USA), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3726 |
| | § | |
| WILLIAM C. FISHER, IV and | § | |
| JUDY RAYMOND FISHER, | § | |
| | § | |
| Defendants. | § | |

ORDER OF DISMISSAL

Pending are Plaintiff RBC Bank (USA)'s ("RBC") Motion for Leave to Amend Original Complaint to Substitute PNC Bank, National Association (Document No. 18) and Defendants William C. Fisher, IV and Judy Raymond Fisher's ("Defendants") Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) (Document No. 6) and Amended Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) (Document No. 8).

Plaintiff RBC Bank (USA) ("RBC"), alleging that it is the mortgage servicer and mortgagee of a Note and Deed of Trust on the Defendants' home, brings suit seeking declaratory and injunctive relief in support of its efforts to foreclose.[1] The Fishers allegedly have been in default for over 59 months, currently owe approximately $390,000, and have filed a series of frivolous lawsuits in state court to thwart the lender's foreclosure efforts and to obstruct justice. Prior to bringing the present suit to

---

[1] Document No. 1 (Orig. Compl.).

establish its right to foreclose and to enjoin Defendants' wrongful conduct, however, RBC merged into PNC Bank ("PNC").[2] Defendants move to dismiss for lack of subject matter jurisdiction on the grounds that RBC no longer exists.[3] RBC in its own name now moves to amend its original complaint to substitute PNC as plaintiff.[4]

RBC's capacity to sue after its merger into PNC is governed by Federal Rule of Civil Procedure 17(b), which requires the Court to look to the law of North Carolina, the state in which RBC was organized. *See* FED. R. CIV. P. 17(b) ("Capacity to sue or be sued is determined . . . for a corporation, by the law under which it was organized.").[5]

Under North Carolina law, RBC's separate existence ceased when it merged into PNC. *See* N.C. GEN. STAT. § 55-11-06 ("When a merger . . . takes effect . . . [e]ach other merging corporation merges into the surviving corporation and the separate existence of each merging corporation except the surviving corporation ceases.")[6]

---

[2] Document No. 13 at 2; Document No. 3 at 1 ("RBC has been merged into PNC Bank, National Association, effective as of the close of business March 2, 2012."). *See also* Document No. 6 at 9 of 9 (Articles of Merger listing "surviving entity" as PNC).

[3] Document No. 8.

[4] Document No. 18.

[5] *See* Document No. 1 ¶ 1 (RBC "is a financial institution formed under the law of North Carolina."); Document No. 6 at 9 of 9 (Articles of Merger listing RBC as a corporation).

[6] *See also* N.C. GEN. STAT. § 53C-4-1(b) ("The provisions contained in Chapter 55 of the General Statutes shall apply to

2

PNC acquired all assets and liabilities of RBC. *See* id. § 53C-7-205.[7] Thus, RBC did not have capacity to bring the present suit, and it follows that it does not have capacity in its own name to amend to substitute PNC as a party. Inexplicably, PNC has not appeared or moved to intervene as the surviving corporation.

Accordingly, it is

ORDERED that Defendants William C. Fisher, IV and Judy Raymond Fisher's ("Defendants") Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) (Document No. 6) and Amended Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) (Document No. 8) are GRANTED, and Plaintiff's claims are DISMISSED for lack of RBC's capacity to

---

banks, except where provisions of this Chapter provide differently or where the Commissioner determines that any provision of Chapter 55 is inconsistent with the business of banking or the safety and soundness of banks.").

[7] Section 53C-7-205 reads:

> Whenever any depository institution or any trust institution shall combine with or shall sell to and transfer its assets and liabilities to any other depository institution, trust institution, or other company, as provided by the laws of this State or the United States, all the then existing fiduciary rights, powers, duties, and liabilities of the combining or transferring institution, including the rights, powers, duties, and liabilities as executor, administrator, guardian, trustee, and/or any other fiduciary capacity, whether under appointment by order of court, will, deed, or other instrument, shall, upon the effective date of the combination or sale and transfer, vest in, devolve upon, and thereafter be performed by the surviving or transferee company, and such latter institution shall be deemed substituted for and shall have all the rights and powers of the transferring institution.

bring suit after its merger into PNC Bank, and without prejudice to PNC Bank as the surviving bank to bring this action in its own name.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 23rd day of June, 2014.

                                          _____
                                          EWING WERLEIN, JR.
                                          UNITED STATES DISTRICT JUDGE